**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13970

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KENNETH STEELE,
  a.k.a. Happy,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cr-00009-AW-MAL-2

————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Kenneth Steele appeals his below-Guidelines, 90-month sentence for conspiring to commit a drug crime. On appeal, Steele first

argues that the district court erred by declining to apply a four-level mitigating-role reduction when calculating his offense level. And second, Steele contends that his sentence is substantively unreasonable. After careful review, we reject both of Steele's arguments and affirm his sentence.

## I.

Following a federal grand jury indictment, Steele was tried for conspiring with his mother to distribute methamphetamine. At trial, Steele testified on his own behalf, where he denied ever seeing methamphetamine and stated that he had "never" transported it. But after the district judge declared a mistrial, Steele pleaded guilty to a lesser-included offense and admitted to knowingly participating in the conspiracy. He also agreed to testify against his mother.

Steele's presentence investigation report used the 2024 Sentencing Guidelines to calculate a total offense level of 27 based on a mitigating role adjustment under section 3B1.2, a truthful testimony adjustment under section 5C1.2(a)(5), a minor-role reduction under 3B1.2(b), an acceptance of responsibility reduction under section 3E1.1(a), and a reduction for timely notifying the government of his intention to plead guilty under section 3E1.1(b). Based on a 2020 conviction for driving under the influence of alcohol, Steele's criminal history category was set at I. With a total offense level of 27 and a criminal history category of I, the resulting Guidelines range was 70 to 87 months' imprisonment.

At sentencing, the district court added an obstruction-of-justice enhancement under section 3C1.1, and it removed the offense

level reductions under section 3E1.1 because Steele went to trial and provided false testimony before he pleaded guilty. With an updated total offense level of 32, Steele's updated Guidelines range changed to 121 to 151 months' imprisonment.

Steele argued that the court should consider a pending amendment to the Guidelines that would affect his mitigating-role adjustment. The district court expressed hesitation that even the two-level minor-role reduction applied. It acknowledged that Steele "was not the most significant player" in the conspiracy, but that he had "all the knowledge that anyone else had in the case" and he decided to transport methamphetamine on multiple occasions. Doc. 18 at 155. After discussion, the government stipulated that "the [G]uidelines would be slightly lower after the amendments," and the district court stated that it would consider "the reality that [Steele] would have a lower [G]uidelines range in a couple weeks" when it "fashion[ed] a sentence." *Id.* at 129.

As to the section 3553(a) factors, Steele also argued that he had been in "self-survival mode" for a long time, that he was 23 years old when the offense occurred, that drug dealing was "the family business," and that his love for his mother "factored into" his involvement in the conspiracy. *Id.* at 129–131. He further noted that he had four children, was a devoted husband, was gainfully employed, and that he helped rehabilitate individuals with mental health and substance abuse struggles. In his allocution, Steele took "full responsibility" for his participation in the conspiracy and specifically apologized for his earlier perjury. *Id.* at 140.

The district court acknowledged that there was "definitely some mitigation there." *Id.* at 133. But it added that he did commit perjury and that his participation in the conspiracy was "pretty brazen." *Id.*

The district court then imposed a below-Guidelines sentence of 90 months' imprisonment. It explained that the facts of the conspiracy would justify a "much greater sentence" if not for the mitigating factors, including Steele's ultimate guilty plea, his cooperation with the government, his challenging upbringing, his family situation, and his work history. *Id.* at 158–59. And it stated that it considered all of the section 3553(a) factors and highlighted the seriousness of the offense and Steele's characteristics, including his decision to give false testimony under oath during the initial trial. It also cited the need for general and specific deterrence and to promote respect for the rule of law. Finally, the district court noted the pending changes to the Guidelines and stated that it would have imposed the same sentence, even if the Guidelines range had been calculated differently, because of the seriousness of Steele's offense and his perjury.

## II.

Steele raises two challenges on appeal. First, he contends that the district court erred in failing to grant him a four-level mitigating role reduction under the newly enacted Guidelines, which became effective through Amendment 833 four days after Steele's sentencing. And second, Steele argues that his sentence is substantively unreasonable because it is too long and the district court gave

insufficient weight to his mitigation. After careful review, we reject both of Steele's arguments and affirm his sentence.

*A.*

First, Steele argues that the district court erred by failing to give him a four-level mitigating role reduction based on Amendment 833. But because Amendment 833 is a substantive amendment, we conclude that it does not apply retroactively to Steele's sentence.

We review the interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (en banc).

When we review a district court's application of the Guidelines, we typically apply the version of the Guidelines in effect on the date of the sentencing hearing. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). While we may consider and apply post-hearing clarifying amendments retroactively, we will not review substantive changes to the Guidelines or apply them retroactively. *Id.* To determine whether an amendment to the Guidelines is substantive or clarifying, we consider: (1) whether the amendment alters the text of the Guideline or alters only the commentary; (2) "whether the Commission has described an amendment as clarifying or whether its statements in the amendment commentary reflect a substantive change in the punishment for an offense"; (3) whether the Commission has included the amendment in the list of retroactive amendments in section 1B1.10; and (4) that an amendment overturning circuit precedent suggests a substantive

change, but that such an amendment could be considered clarifying if it "clarifies a meaning that was inherent in the original Guideline." *Id.* at 1185 (citation omitted).

In *United States v. Martinez*, we determined that Amendment 833 is substantive and thus not retroactively applicable. 172 F.4th 1306, 1316 (11th Cir. 2026). We explained that (1) the amendment altered the text of the Guidelines rather than merely adding commentary, (2) the added commentary reflected substantive changes that expanded the applicability of role reductions in drug trafficking cases, (3) the amendment was not listed as a retroactive amendment in section 1B1.10, and (4) the amendment abrogated circuit precedent by making the involvement of other participants irrelevant to whether a defendant can receive a role reduction. *Id.* Because Amendment 833 cannot be applied retroactively, Steele cannot benefit from its consideration. Accordingly, we reject his argument that the district court erred by failing to give him a four-level mitigating role reduction under Amendment 833.

In his reply brief, Steele acknowledges that our decision in *Martinez* cuts against his position but adds that, even under the 2024 Guidelines, he should still qualify for a four-point reduction under section 3B1.2. But, as we have repeatedly held, "failure to raise an issue in an initial brief on direct appeal should be treated as a forfeiture of the issue." *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). And, in any event, we cannot see how the district court clearly erred in determining that Steele was qualified for a minor role reduction but not a minimal role reduction.

*United States v. De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (en banc) (describing this issue as a "uniquely fact-intensive" inquiry).

### B.

Second, Steele argues that his below-Guideline, 90-month sentence is substantively unreasonable. But Steele fails to convince us that his sentence is an abuse of discretion.

When we review for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based upon the facts of the case and the section 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court abuses its discretion and imposes an unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted). The proper factors are set out in section 3553(a) and include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to reflect the seriousness of the crime, to promote respect for the law, to provide just punishment, and to afford adequate deterrence. 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C).

We have "underscored" that we must give "due deference" to the district court's analysis of the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (citation omitted). The district court does not have to afford all of the factors equal weight, and it is given discretion to attach greater weight to one factor over another. *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025). While the district court must consider the section 3553(a) factors, it need not discuss each factor. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). And the fact that the district court does not specifically mention certain mitigating factors does not compel the conclusion that a sentence is substantively unreasonable. *See United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).

Here, Steele has not met his burden of demonstrating that his 90-month sentence is substantively unreasonable because the district court did not abuse its discretion in weighing the section 3553(a) factors and considered his mitigation. The court explained that Steele's crime was "extremely serious" and that his perjury was a "huge aggravator" that undermined many of his arguments that he had moved on from his previous mistakes. Doc. 18 at 156–58.

Further, the court explained that it considered Steele's mitigating factors, including that he ultimately pleaded guilty, that he cooperated with the government against his mother, that he had a challenging upbringing, that he had a family of his own, and that he had a stable work history. Indeed, the court stated that, if not

for the mitigating factors, Steele's relevant aggravating factors would justify a "much greater sentence." *Id.* at 158. Accordingly, we conclude that Steele failed to demonstrate that the district court failed to afford consideration to relevant factors due significant weight, gave significant weight to improper or irrelevant factors, or committed a clear error of judgment in considering the proper factors. *See Irey*, 612 F.3d at 1189.

**AFFIRMED.**